```
                                    FILED
                                2008 JUL 17 AM 9:37
                                CLERK US DISTRICT COURT
                                SOUTHERN DISTRICT OF CALIFORNIA
                                BY_____DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOS AMIGOS DISTRIBUTORS, INC. A California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CADBURY BEBIDAS, S.A. DE C.V., a Mexican corporation, dba CADBURY SCHWEPPES BEBIDAS MEXICO; COMPANIA EXPORTADORA DE AGUAS MINERALES, S.A. DE C.V., a Mexican corporation, dba CIA EXPORTADORA DE AGUAS MINERALES, S.A. DE C.V.; ALEJANDRO ANDRADE ESCALANTE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil No.   05cv0151-L (POR)<br><br>**ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL DISCLOSURE OF EXPERT TESTIMONY AND REPORT** |

    On July 14, 2008, counsel for Defendants contacted the Court requesting a Discovery Conference to resolve a dispute regarding Plaintiff's Supplemental Disclosure of Expert Testimony and Report ("Supplemental Report") that was provided to Defendants on July 11, 2008. Subsequently, Defendants submitted "Objections to Dos Amigos, Inc.'s Supplemental Disclosure of Expert Testimony and Report," which is attached to this order. The Court construes Defendants' objections as a motion to strike the Supplemental Report. Plaintiff provided the Court with a copy of the Supplemental Report, which is also attached to this order.

    Because time is of the essence, given that Plaintiff's expert's deposition is scheduled for July 17, 2008, and the parties' Pretrial Conference is set for August 5, 2008, the Court held a telephonic

1  Discovery Conference on July 16, 2008. Appearing before the Court were Fred James, Esq., counsel
2  for Plaintiff, and Callie Bjurstrom, Esq., and Jeffrey Feasby, Esq., counsel for Defendants.
3        On October 16, 2007, the parties filed a Joint Motion to Continue Expert Report Dates,
4  which the Court granted in its Second Amended Scheduling Order, dated October 17, 2007, wherein
5  the Court specifically orders supplemental reports be exchanged on or before December 28, 2007.
6  This exchange deadline was even extended to January 25, 2008 by stipulation of the parties. It
7  appears the Supplemental Report was written on January 14, 2008 as evidenced by the signature of
8  Plaintiff's expert on the report, and is based on information that was available to Plaintiff's expert
9  prior to the supplemental reports exchange deadline. Yet, Plaintiff waited until July 11, 2008 to
10 provide the Supplemental Report to Defendants, nearly six months after the parties' stipulated
11 exchange deadline, and within three weeks of the parties' Pretrial Conference. For these reasons, the
12 Court finds the Supplemental Report untimely and prejudicial to Defendants.
13       Accordingly, the Court hereby GRANTS Defendants' request and orders the Supplemental
14 Report STRICKEN.

15 **IT IS SO ORDERED.**
16 DATED: 7/16/08

LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable M. James Lorenz
      all parties

# GUEVARA, PHIPPARD & JAMES
PROFESSIONAL CORPORATION

**Attorneys at Law**

Daniel L. Guevara
William J. Phippard
Fred C. James
Scott D. Waddle
Margarita R. Solis

**Of Counsel**

Joel J. Bergsma
Pablo C. Palomino

Karen A. Guevara
Administrator

Direct Dial (619) 531-8785 Ext. 234
E-mail: fjames@gpjsdlaw.com

July 16, 2008

**HAND DELIVERED**

Hon. Louisa S. Porter
U.S. Magistrate Judge
U.S. District Court, Southern District of California
940 Front Street, Courtroom H
San Diego, CA 92101

Re:   Dos Amigos Distributors, Inc. v.
      Cadbury Bebidas, S.A. de C.V., et al.
      USDC Case No. 05CV0151 L (POR)
      GP&J File   2033-010

Dear Judge Porter:

Enclosed herewith is a copy of Vickie Wolf's Supplemental Report which is the subject matter of today's conference call, which has been scheduled for this afternoon at 4:30 p.m. in the above-entitled matter.

Yours very truly,

GUEVARA, PHIPPARD & JAMES
Professional Corporation

FRED C. JAMES
Attorney at Law

FCJ:cln

cc:   Jeffrey Feasby, Esq. - (via facsimile, w/out enclosure)



Guevara, Phippard & James P.C. is a member of MSI, a network of independent professional firms

1420 Kettner Boulevard, Suite 600
San Diego, California 92101-2496
Telephone (619) 531-0123
Telefax (619) 544-0056
www.gpjlaw.net

cln\2033\010\corres\porter-01_L

1  Fred C. James (#69040)
   Scott D. Waddle (# ******* )
2  GUEVARA, PHIPPARD & JAMES
   Professional Corporation
3  1420 Kettner Boulevard, Suite 600
   San Diego, California 92101-2433
4  (619) 531-0123  Fax: (619) 544-0056

5  Attorneys for Plaintiff and Counterdefendant
   DOS AMIGOS DISTRIBUTORS, INC.,
6  and Counterdefendant PABLO PAOLI

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 DOS AMIGOS DISTRIBUTORS, INC.,        ) Case No. 05CV0151 L (POR)
   a California corporation,             )
11                                       )
                       Plaintiff,        ) DOS AMIGOS DISTRIBUTORS, INC.'S
12       v.                              ) SUPPLEMENTAL DISCLOSURE OF
                                         ) EXPERT TESTIMONY AND REPORT
13 CADBURY BEBIDAS, S.A. DE C.V.,        )
   a Mexican corporation, dba CADBURY    ) [FRCP 26(e)]
14 SCHWEPPES BEBIDAS MEXICO;             )
   COMPAÑÍA EXPORTADORA DE AGUAS )
15 MINERALES, S.A. DE C.V., a Mexican    )
   corporation, dba CIA. EXPORTADORA DE  ) JUDGE:   Hon. James Lorenz
16 AGUAS MINERALES, S.A. DE C.V.;        ) CTRM.:   14
   ALEJANDRO ANDRADE ESCALANTE, an)
17 individual; and DOES 1 through 10, inclusive,) COMPLAINT FILED: 9/10/04
                                         )
18                     Defendants.       )
                                         )
19 _____)
                                         )
   COMPANIA EXPORTADORA DE AGUAS )
20 MINERALES, S.A. DE. C.V., a Mexican   )
   corporation,                          )
21                                       )
                    Counter Claimant,    )
22       v.                              )
                                         )
23 DOS AMIGOS DISTRIBUTORS, INC., a      )
   California corporation; PABLO PAOLI, an)
   individual,                           )
24                  Counter Defendants.  )
                                         )
25 _____)
                                         )
26 And Related Counterclaim              )
   _____)
27

                                    1

1  Plaintiff and Counter Defendant DOS AMIGOS DISTRIBUTORS, INC., and
2  Counter Defendant PABLO PAOLI hereby supplement their initial disclosures pursuant to
3  Federal Rules of Civil Procedure, Rule 26(e) with the attached Supplemental Report of
4  Vickie M. Wolf.

6  Dated: July 11, 2008         GUEVARA, PHIPPARD & JAMES
                                Professional Corporation

                                By: /s/ Fred C. James

                                FRED C. JAMES
                                Attorneys for Plaintiff and Counter Defendant
                                DOS AMIGOS DISTRIBUTORS, INC.,
                                and Counter Defendant PABLO PAOLI

SUPPLEMENTAL REPORT OF VICKIE M. WOLF
EXPERT WITNESS FOR DOS AMIGOS DISTRIBUTORS, INC.

IN THE MATTER OF

DOS AMIGOS DISTRIBUTORS, INC.
v.
CADBURY BEBIDAS, S.A. DE C.V., COMPANIA EXPORTADORA DE AGUAS MINERALES,
S.A. DE C.V., ALEJANDRO ANDRADE ESCALANTE, et al.

CASE NO. 05CV0151 L (POR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

I, Vickie M. Wolf, have been retained by Fred C. James in connection with the matter of Dos Amigos Distributors, Inc., a California corporation, v. Cadbury Bebidas, S.A. de C.V., a Mexican corporation, dba Cadbury Schweppes Bebidas Mexico; Compania Exportadora de Aguas Minerales, S.A. de C.V., a Mexican corporation, dba CIA. Exportadora de Aguas Minerales, S.A. de C.V.; Alejandro Andrade Escalante, an individual, et al., Case No. 05CV0151 L (POR), in the Southern District of California, United States District Court, to provide expert witness testimony with respect to economic damages incurred by the plaintiff in this matter.

This report is written as a supplement to my report dated December 10, 2007.

I.  **Qualifications, Prior Case Testimony and Compensation**

I have not duplicated the information described in my original report related to qualifications and prior case testimony.

My billing rate is $300 per hour for all work I perform including trial and deposition testimony.

II.  **Data or Other Information Considered in Forming the Opinions Stated Herein**

I have not duplicated the data or other information considered that was described in my original report. A listing of the additional data or other information I have considered in the preparation of this report is listed below.

- Export Business Proposal dated November, 2001, by Cadbury Bebidas Mexico, CEAMSA001281 - CEAMSA001288

- Penafiel Export to US CSBM - DPSUBG presentation dated May, 2002, CEAMSA001221 - DEAMSA001242

- NAFTA True Case Sales Jan-Nov 2002 and monthly sales figures for 2000 and 2001 and annual sales figures for 1999 - 2002, CEAMSA001319 - CEAMSA001321

1

- E-mail dated March 17, 2004, from Alejandro Andrade to Mauricio Uribe Re: Junta 3.16.04, DOS09336 - DOS09338, with attachments (and translation)

- Graph of Penafiel West Sales Vol x Ano, DOS00233

- Discussions with Mr. Pablo Paoli

- Discussions with Fred James, Esq.

### III. Opinions

#### Total Lost Profits Assuming a 5-Year Contract

In my original report I did not assume, for purposes of calculating lost profits, that Dos Amigos' gross sales of the Penafiel product line would increase during the loss period. In this supplemental report, I have assumed growth in the sales volume of the Penafiel product line.

In the Cadbury Bebidas Mexico Export Business Proposal, dated November 2001, four alternative distribution channels are presented related to the exportation of the Penafiel product line to the United States. "Cadbury" (Cadbury Bebidas, S.A. de C.V./Compania Exportadora de Aguas Minerales, S.A. de C.V.) also presented nine-year projections for each of the four alternatives. The first alternative suggested was to put Penafiel into the Cadbury Schweppes chain of distribution. This alternative was projected to increase sales in the first year by 80%, the second year by 35%, and finally stabilizing at a 5% annual increase by year 6. The second alternative was to invest in the current master distributors. In this alternative, sales were projected to increase 20% in the first year, 10% the second through fifth years and then stabilizing at an 8% increase thereafter. The third alternative, putting Penafiel into Mott's third party distribution system, resulted in projected increased sales of 50% in year one, 57% in year two, then stabilizing at an increase of 5% annually thereafter. The last alternative, partnering with the owner and distributor of the # 1 Mexican brand, Novamex, resulted in projected increased sales of 4% in year one and 5% thereafter. See Exhibit 1.

In the Penafiel Export to US CSBM - DPSUBG presentation, dated May 2002, (a presentation in which Cadbury Schweppes Bebidas Mexico was exploring the Penafiel product line opportunities with the Dr. Pepper Seven-Up Bottling Group) Cadbury graphs the Penafiel US Historic Sales and Distribution (000's cases) from 1983 through 2002. See Exhibit 2. These graphs indicate that when Wisdom was distributing Penafiel in the years 1983 - 1994, sales increased initially by 61.5% and increased during the entire period on an annualized basis of 13.0% with average increases of 14.5%. When NAFTA was distributing Penafiel, immediately before Dos Amigos, the sales grew by 80% in the first year, 41% the second year and 24% the third year. See Exhibit 3.

After reviewing the additional documentation, including Cadbury's presentation with regard to the market potential of Penafiel, and the above documents, I have prepared a lost profits calculation using the projected growth included in the Cadbury Bebida Mexico Export

2

Business Proposal, dated November 2001, under the second alternative which was investing in current master distributors. This alternative indicated sales growth of 20% in year one, and 10% for each year through March 2008. This time period reflects the assumption that the agreement between Cadbury and Dos Amigos should have been honored for a total of five years, i.e. from April 2003 through March 2008.

After adjusting for the sales growth, I used the same percentages in this supplemental report as I did in my original report for cost of goods sold, allowance for spoils, allowance for promotion and other operating expenses. I also used the same increase in wages and payroll taxes in my calculations.

Using the above methodology, I calculated that the total profits Dos Amigos would have earned from July 2004 through March 2008 had the Penafiel contract not been terminated would have been $1,892,231. From that, I subtracted the total profit Dos Amigos did earn from the Penafiel product line while winding up the remaining sales of Penafiel after July 2004 of $7,961, arriving at total lost profits of $1,884,271. (See Exhibit 4.)

_____  
VICKIE M. WOLF

_____  
January 14, 2008  
Date

3

CADBURY BEBIDAS MEXICO
EXPORT BUSINESS PROPOSAL
GROSS SALES VALUE FORECASTS FOR EACH OF THE FOUR ALTERNATIVES

| | PUT PENAFIEL INTO CADBURY SCHWEPPES CHAIN OF DISTRIBUTION AND USE THIRD PARTY DISTRIBUTORS ELSEWHERE | | INVEST IN CURRENT MASTER DISTRIBUTORS | | PUT PENAFIEL INTO MOTT'S THIRD PARTY DISTRIBUTOR SYSTEM | | PARTNER WITH OWNER & DISTRIBUTOR OF #1 MEXICAN BRAND, NOVAMEX | |
|---|---|---|---|---|---|---|---|---|
| YEAR 1 | 4,754.00 | | 3,084.85 | | 5,015.00 | | 5,176.00 | |
| YEAR 2 | 8,567.00 | 80% | 3,692.87 | 20% | 7,522.00 | 50% | 5,359.00 | 4% |
| YEAR 3 | 11,593.00 | 35% | 4,076.01 | 10% | 11,829.00 | 57% | 5,604.00 | 5% |
| YEAR 4 | 14,447.00 | 25% | 4,486.46 | 10% | 12,369.00 | 5% | 5,859.00 | 5% |
| YEAR 5 | 17,145.00 | 19% | 4,925.88 | 10% | 12,934.00 | 5% | 6,127.00 | 5% |
| YEAR 6 | 18,002.00 | 5% | 5,396.08 | 10% | 13,525.00 | 5% | 6,407.00 | 5% |
| YEAR 7 | 18,902.00 | 5% | 5,847.65 | 8% | 14,142.00 | 5% | 6,699.00 | 5% |
| YEAR 8 | 19,847.00 | 5% | 6,329.22 | 8% | 14,788.00 | 5% | 7,005.00 | 5% |
| YEAR 9 | 20,840.00 | 5% | 6,842.56 | 8% | 15,463.00 | 5% | 7,325.00 | 5% |

EXHIBIT 1

CEAMSA001233
CONFIDENTIAL

## Peñafiel US Historic Sales & Distribution (000's cases)



EXHIBIT 2

## PENAFIEL US HISTORIC SALES AND DISTRIBUTION (000'S CASES)

| | WISDOM | | PREMIER | | NAFTA | |
|---|---|---|---|---|---|---|
| 1983 | 192 | | | | | |
| 1984 | 310 | 61.5% | | | | |
| 1985 | 320 | 3.2% | | | | |
| 1986 | 413 | 29.1% | | | | |
| 1987 | 479 | 16.0% | | | | |
| 1988 | 483 | 0.8% | | | | |
| 1989 | 537 | 11.2% | | | | |
| 1990 | 636 | 18.4% | | | | |
| 1991 | 633 | -0.5% | | | | |
| 1992 | 703 | 11.1% | | | | |
| 1993 | 685 | -2.6% | | | | |
| 1994 | 766 | 11.8% | | | | |
| 1995 | | | | | | |
| 1996 | | | 78 | | | |
| 1997 | | | 306 | 292% | | |
| 1998 | | | 315 | 3% | | |
| 1999 | | | | | 169 | |
| 2000 | | | | | 305 | 80% |
| 2001 | | | | | 429 | 41% |
| 2002 | | | | | 530 | 24% |
| | | | | | | |
| ANNUALIZED | | 13.0% | | | | 46.4% |
| AVERAGE | | 14.5% | | | | 48.2% |

EXHIBIT 3

## DOS AMIGOS
## CALCULATION OF LOST PROFITS
## USING SALES GROWTH AS PROJECTED BY CADBURY

| | AVERAGE MONTHLY PENAFIEL SALES APRIL 2003 - JUNE 2004 | JULY 2004 - JUNE 2005 | JULY 2005 - JUNE 2006 | JULY 2006 - JUNE 2007 | JULY 2007 - MARCH 2008 | TOTAL |
|---|---|---|---|---|---|---|
| NUMBER OF MONTHS | | 12 | 12 | 12 | 9 | 45 |
| PROJECTED SALES GROWTH | | 20% | 10% | 10% | 10% | |
| SALES OF PENAFIEL PER MONTH | $ 260,000 | $ 311,000 | $ 343,000 | $ 378,000 | $ 415,000 | |
| SALES OF PENAFIEL | | $ 3,732,000 | $ 4,116,000 | $ 4,536,000 | $ 3,735,000 | $ 16,119,000 |
| LESS: | | | | | | |
| COST OF GOOD SOLD | 65.61% | 2,448,529 | 2,700,468 | 2,976,026 | 2,450,497 | 10,575,520 |
| ALLOWANCE FOR SPOILS | 2.52% | 93,932 | 103,597 | 114,168 | 94,008 | 405,706 |
| ALLOWANCE FOR PROMOTION | 12.52% | 467,184 | 515,255 | 567,832 | 467,560 | 2,017,831 |
| PENAFIEL GROSS PROFIT | | 722,354 | 796,680 | 877,974 | 722,935 | 3,119,943 |
| APPROXIMATE INCREASE IN WAGES PER MONTH | $ 7,000 | 84,000 | 84,000 | 84,000 | 63,000 | 315,000 |
| ADD PAYROLL TAXES AT | 10% | 8,400 | 8,400 | 8,400 | 6,300 | 31,500 |
| PENAFIEL OPERATING EXPENSES | 5.47% | 204,025 | 225,018 | 247,979 | 204,189 | 881,211 |
| TOTAL PROFITS IF CONTRACT CONTINUED | | $ 425,929 | $ 479,262 | $ 537,595 | $ 449,446 | 1,892,231 |
| LESS ACTUAL PENAFIEL PROFIT JULY - SEPTEMBER 2004 | | | | | | (7,961) |
| TOTAL LOST PROFITS | | | | | | $ 1,884,271 |

EXHIBIT 4

**LUCE FORWARD**
ATTORNEYS AT LAW • FOUNDED 1873
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

600 West Broadway
Suite 2600
San Diego, CA 92101
619.236.1414
619.232.8311 fax
www.luce.com

JEFFREY A. FEASBY, ESQ.
DIRECT DIAL NUMBER 619.699.2584
DIRECT FAX NUMBER 619.645.5378
EMAIL ADDRESS jfeasby@luce.com

July 15, 2008

**HAND-DELIVERED**

Hon. Louisa S. Porter
U.S. Magistrate Judge
U.S. District Court, Southern District of California
940 Front Street
Courtroom H
San Diego, CA 92101

Re:   *Dos Amigos Distributors, Inc. v. Cadbury Bebidas, S.A. de C.V., et al.*

Dear Judge Porter:

Enclosed is a copy of the our clients' objections to the supplemental report of plaintiff's expert witness, Vickie Wolf. We are providing you with these objections in advance of the parties' conference call with the Court, which has been scheduled for this afternoon at 1:30 p.m. The conference call is to discuss the supplemental report and our clients' objections. The objections were previously served on plaintiff's counsel.

Best regards,

Jeffrey A. Feasby
for
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

JAF/bms
Enclosure

cc:   Fred James, Esq. (via fascimile)

101106370.1

Callie A. Bjurstrom, State Bar No. 137816
Jeffrey A. Feasby, State Bar No. 208759
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendants Cadbury Bebidas, S.A. de C.V.
and Alejandro Andrade Escalante and
Defendant and Counter-Claimant
Compañía Exportadora de Aguas Minerales, S.A. de C.V.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOS AMIGOS DISTRIBUTORS, INC. a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CADBURY BEBIDAS, S.A. DE C.V., a Mexican corporation, dba CADBURY SCHWEPPES BEBIDAS MEXICO; COMPAÑÍA EXPORTADORA DE AGUAS MINERALES, S.A. DE C.V., a Mexican corporation, dba CIA EXPORTADORA DE AGUAS MINERALES, S.A. DE C.V.; ALEJANDRO ANDRADE ESCALANTE, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 05 CV 0151 L (POR)<br><br>**DEFENDANTS CADBURY BEBIDAS, S.A. DE C.V., COMPAÑÍA EXPORTADORA DE AGUAS MINERALES, S.A. DE C.V. AND ALEJANDRO ANDRADE ESCALANTE AND COUNTER-CLAIMANT COMPAÑÍA EXPORTADORA DE AGUAS MINERALES, S.A.'S OBJECTIONS TO DOS AMIGOS, INC.'S SUPPLEMENTAL DISCLOSURE OF EXPERT TESTOMINY AND REPORT** |
| AND RELATED COUNTER-CLAIMS | |

　　　　Defendants Cadbury Bebidas, S.A. de C.V. and Alejandro Andrade Escalante and defendant and counter-claimant Compañía Exportadora de Aguas Minerales, S.A. de C.V. (collectively "Defendants") hereby object to Dos Amigos Distributors, Inc.'s ("Dos Amigos") Supplemental Disclosure of Expert Testimony and Report ("Supplemental Report") as follows:

/ / /

1. The Supplemental Report is untimely. Pursuant to the Court's Second Amended Order Regarding Discovery and Other Pretrial Proceedings entered on October 17, 2007, the deadline for exchange of expert reports was November 30, 2007, and the deadline for exchange of supplemental reports was December 28, 2007. Pursuant to various extensions granted by the parties, the deadline for the exchange of supplemental reports was extended until January 25, 2008. This extension was confirmed by letter from Defendants' counsel dated January 16, 2008. No additional extensions were requested or granted. Defendants produced their expert's supplemental report on January 25, 2008 in accordance with the parties' agreement. No supplemental report was served by Dos Amigos.

2. The Supplemental Report is not proper under Rule 26(a)(2) or Rule 26(e)(2) of the Federal Rules of Civil Procedure or the Court's Second Amended Order Regarding Discovery and Other Pretrial Proceedings. Rule 26(a)(2) applies to the disclosure of initial expert reports. Rule 26(e)(2) applies to situations where an expert learns of additional facts that are relevant to his or her opinion or the expert changes his or her opinion, after an initial report has already been produced or that expert has been deposed. (*See* Comments re: 1993 amendments to Rule 26.) This is not the case here where the report itself was signed by Ms. Wolf on January 14, 2008, but the report itself was not produced until July 11, 2008, only days before Ms. Wolf's deposition and shortly before the Court's deadline for the filing of the Joint Pretrial Order.

Further, the Supplemental Report purports to rely on specific documents produced by Defendants and Dos Amigos in this matter and on Ms. Wolf's discussions with Dos Amigos' president, Pablo Paoli, and Dos Amigos' attorney, Fred James. None of this can be considered new information or evidence. The documents produced by Defendants upon which Ms. Wolf relies in forming the opinions expressed in the Supplemental Report (i.e. Bates Nos. CEAMSA001281-CEAMSA001242; CEAMSA00121-CEAMSA001242; CEAMSA001319-CEAMSA001321) were produced months before the January 25, 2008 deadline for the exchange of supplemental expert reports. Moreover, Ms. Wolf has always had access to the documents produced by Dos Amigos (i.e. Bates Nos. DOS09336-DOS09338 and DOS00233) and to Mr. Paoli and Mr. James. Accordingly, all of the information upon which the Supplemental Report

1 | relies was available to Ms. Wolf at the time of the exchange of her initial report, December 12,
2 | 2007, and it should have been included in that initial report. Therefore, the Supplemental Report
3 | is not authorized or proper under Rule 26(a)(2) or Rule 26(e)(2).

4 | In addition, pursuant to the Court's Second Amended Order Regarding Discovery and
5 | Other Pretrial Proceedings, "supplemental reports" are those "intended solely to contradict or
6 | rebut evidence on the same subject matter identified in an expert report submitted by another
7 | party." Here, the Supplemental Report does not purport to contradict or rebut the expert report
8 | submitted by Defendants' expert. Therefore, the Supplemental Report is not proper or authorized
9 | under the Court's Second Amended Order Regarding Discovery and Other Pretrial Proceedings.

10 | 3. As stated above, the Supplemental Report was signed by Dos Amigos' expert on
11 | January 14, 2008, however it was not provided to Defendants until July 11, 2008, **six months**
12 | **later**. Either Ms. Wolf backdated the Supplemental Report when she signed it or Dos Amigos has
13 | withheld the Supplemental Report for six months in an effort to sandbag Defendants. Either way,
14 | Dos Amigos' conduct is deceptive, prejudicial to Defendants and should not be condoned.

15 | 4. Defendants will be severely prejudiced if Dos Amigos is allowed to rely on or
16 | admit the Supplemental Report of Vickie Wolf or any testimony related thereto at trial. Not only
17 | has the Supplemental Report been produced six months too late, it has increased the amount of
18 | lost profits estimated by Ms. Wolf by 48%, from $1,270,526 to $1,884,271. This greatly increases
19 | Defendants' potential exposure in this case. In addition, had the Supplemental Report been
20 | provided in a timely fashion, discovery and preparations of this case for trial would likely have
21 | been modified accordingly.

22 | DATED: July 14, 2008      LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Callie A. Bjurstrom
Jeffrey A. Feasby
Defendants Cadbury Bebidas, S.A. de C.V.
and Alejandro Andrade Escalante and
Defendant and Counter-Claimant
Compañía Exportadora de Aguas Minerales, S.A. de C.V.

3

# PROOF OF SERVICE

*Dos Amigos Distributors, Inc. v Cadbury Bebidas, S.A. de C.V., et al.,*

Case No. 05 CV 0151 L(POR)

Judge: Louisa S. Porter, United States Magistrate Judge/Hon. M. James Lorenz

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372.

On July 14, 2008, I served true copies of the following document(s) described as

**DEFENDANTS CADBURY BEBIDAS, S.A. DE C.V., COMPAÑIA EXPORTADORA DE AGAUS MINERALES, S.A. DE C.V. AND ALEJANDRO ANDRADE ESCALANTE AND COUNTER-CLAIMANT COMPAÑIA EXPORTADORA DE AGUAS MINERALES, S.A.'S OBJECTIONS TO DOS AMIGOS, INC.'S SUPPLEMENTAL DISCLOSURE OF EXPERT TESTIMONY AND REPORT**

on the interested parties in this action as follows:

| | |
|---|---|
| Fred C. James, Esq.<br>Guevara Phippard & James PC<br>1420 Kettner Boulevard, Suite 600<br>San Diego, CA 92101<br>Tel (619) 531-0123<br>Fax (619) 544-0056 | *Attorneys for Plaintiff Dos Amigos Distributors, Inc. and counterdefendants Dos Amigo Distributors, Inc. and Pablo Paoli* |

[X] **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being served at the addresses listed in the Service List. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2008 at San Diego, California.

*/s/ Jan Guerrero*
Jan Guerrero