UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOS AMIGOS DISTRIBUTORS, INC., a California corporation,<br><br>            Plaintiff,<br><br>v.<br><br>CADBURY BEBIDAS, S.A. de C.V., a Mexican corporation dba CADBURY SCHWEPPES BEBIDAS MEXICO; COMANIA EXPORTADORA DE AGUAS MINERALES, S.A. de C.V., a Mexican corporation; ALEJANDRO ANDRADE ESCALANTE, an individual; and DOES 1 though 10, inclusive,<br><br>            Defendants;<br>_____<br><br>AND RELATED COUNTERCLAIM.<br>_____ | Civil No. 05cv0151-L(POR)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE ORDER** |

       This case arises out of a business dispute between Defendants, Mexican business entities which sell, among other products, the Penafiel brand of mineral water in the United States, and Plaintiff Dos Amigos Distributors, Inc. ("Dos Amigos"), their distributor in the United States. The case was referred to Magistrate Judge Louisa S. Porter for determination of non-dispositive pretrial matters, including discovery, pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72.1(b). Dos Amigos timely filed Objections to the Magistrate Judge's Order Striking Plaintiff's Supplemental Disclosure of Expert Testimony and Report ("Order") filed

July 17, 2008. Defendants filed a response. For the reasons which follow, Plaintiff's objections are **OVERRULED**.

Plaintiff designated Vickie M. Wolf as its damages expert. The parties exchanged their expert reports on December 12, 2007. In her initial report, Ms. Wolf opined that Plaintiff lost $1,270,526 in profits. However, because this analysis did not take into account increased sales over the relevant time, Plaintiff's counsel asked her to prepare a supplemental report. (James Decl. at 3.) In her supplemental report, Ms. Wolf opined that, based on the increased sales assumption, Plaintiff lost $1,884,271 in profits. The supplemental report, dated January 14, 2008, was served on July 11, 2008. This was four business days before Ms. Wolf's deposition and two weeks before the final pretrial conference. Defendants objected to the supplemental report as untimely. On July 17, 2008, the Magistrate Judge granted their objection and ordered the supplemental report stricken. Plaintiff objects to the Magistrate Judge's order.

District court review of magistrate judge orders on non-dispositive motions is limited. Discovery motions, such as the motion at issue here, are considered non-dispositive. See 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a). This essentially amounts to an abuse of discretion standard. *See Foster v. Skinner*, 70 F.3d 1084, 1087 (9th Cir. 1995) ("An abuse of discretion occurs if the district court does not apply the correct law or rests its decision on a clearly erroneous finding of fact.").

The time to exchange supplemental expert reports was set in the Magistrate Judge's Second Amended Order Regarding Discovery and Other Pretrial Proceedings filed October 17, 2007 ("October 17 Order"). The date was set for December 28, 2007. It is undisputed that the parties stipulated to extend the time to January 25, 2008.[1] Plaintiff argues that the supplemental

---

[1] Plaintiff is surprised that the Magistrate Judge did not recognize the extended deadline and remarked that both parties were in violation of the case management orders by stipulating to extend the various discovery dates. The surprise is misplaced. Party stipulations are "recognized as binding on the court only when approved by the judge." Civ. Loc. R. 7.2(a). A review of the docket indicates that the parties did not have their stipulations approved by the court.

report was not untimely served under the October 17 Order because it was not supplemental in the sense intended by the order. The order stated:

> Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.

(October 17 Order at 2.) The parties do not dispute that Ms. Wolf's supplemental report was not intended to contradict or rebut Defendants' expert report. Accordingly, the January 25, 2008 deadline did not apply.

Plaintiff argues that the report was supplemental as required by Rule 26(e)(1) (Objection at 3), which provides in pertinent part:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response [] *in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ..

(Emphasis added.) Assuming Plaintiff's counsel's afterthought regarding the increased sales assumption qualifies as "learn[ing] that in some material respect the [expert report was] incomplete or incorrect," the question remains whether Plaintiff complied with Rule 26(e)(1) "in a timely manner."

Plaintiff argues that his disclosure of the supplemental report was timely because it was served before the deadline for exchanging Rule 26(a)(3) pretrial disclosures. (Objections at 4.) The Magistrate Judge's Third Amended Order Regarding Discovery and Other Pretrial Proceedings set July 7, 2008 as the deadline, but the parties stipulated to extend the time to July 21, 2008.[2] Plaintiff argues that he timely complied because he served the supplemental report before that date.

Plaintiff's focus on Rule 26(a)(3) is misdirected. According to Plaintiff, the supplemental report was required by Rule 26(e)(1), which mandates disclosure "in a timely manner." Plaintiff waited for six months after the supplemental report was prepared to share it with opposing

---

[2] The parties did not seek approval of the court for their stipulation.

counsel on the eve of the expert's deposition and pretrial conference. Accordingly, Plaintiff did not comply in a timely manner.[3]

Plaintiff next argues that exclusion of the supplemental report from evidence was not an appropriate sanction under Rule 37(c) because there was no bad faith or deception involved and Defendants suffered no prejudice. The court disagrees.

The rule expressly provides for exclusionary sanctions:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. Proc. 37(c). "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Moreover, Plaintiff's absence of bad faith and prejudice arguments do not address the appropriate legal standard. "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id.* Accordingly, Plaintiff should have argued his conduct was substantially justified or harmless.

Plaintiff delayed service of the supplemental report to review subsequently produced documents. Ultimately none of the subsequently produced documents necessitated any further supplementation. (*See* Decl. of Fred C. James at 3.) In preparation for Ms. Wolf's deposition on July 11, 2008, Plaintiff's counsel noticed that the supplemental report had not been produced and served it the same day. (*Id.*) Although the foregoing provides an explanation, it is hardly a

/ / / / /

---

[3] Plaintiff apparently concedes his untimeliness because he offers to pay monetary sanctions. (See Objection at 9, 10.)

substantial justification for springing the supplemental report on the opponent on the eve of expert deposition.

A similar explanation was deemed insufficient in *Yeti by Molly*. In that case, the party was under a mistaken belief that the opposing expert report would be supplemented again and was waiting for the final version of that report before disclosing their own expert's report. *Yeti by Molly*, 259 F.3d at 1106. The court reasoned that "defendants could have issued a preliminary report to be supplemented after [the opposing expert's] report had been modified or they could have asked for an extension of the discovery deadline." *Id*.

In this case, there appears no reason why Ms. Wolf's supplemental report could not have been served when it was prepared. If subsequent document productions necessitated further supplementation, Plaintiff could have supplemented the report again pursuant to Rule 26(e) or seek leave to supplement it, if necessary. Far from even attempting to meet and confer on the issue of the supplemental report, Plaintiff did not mention its contemplation or existence to the opposing counsel until July 11, 2008. (Decl. of Jeffrey A. Feasby at 2.) Plaintiff's explanation falls short of the requisite substantial justification.

In the alternative, Plaintiff argues that Defendants were not prejudiced because the nearly 50% percent increase in Plaintiff's claimed damages "merely constitutes an additional mathematical calculation and does not necessitate the designation of a rebuttal witness by Defendants." (Objections at 9.) In addition, Plaintiff offers to have Ms. Wolf deposed on the supplemental report and pay monetary sanctions to compensate Defendants for the greater expenditure for attorneys' or experts' fees. (*Id*. at 9-10.)

Rather than arguing that the opposing side was not prejudiced, "the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly*, 259 F.3d at 1107. Plaintiff's admission that monetary sanctions may be appropriate alone counsels against finding that its conduct was harmless. As anticipated by Plaintiff (*see* Objections at 9-10), Defendants contend that had the supplemental report been served when it was prepared, they would have addressed the increased sales issue in discovery by developing testimony regarding market conditions in the beverage industry during the relevant time and their impact on profits and growth potential, and they

would have sought to designate a beverage industry expert to dispute the sales growth assumptions made by Ms. Wolf.  (Decl. of Jeffrey A. Feasby at 2.)  Plaintiff's conduct was not harmless.

Based on the foregoing, the Magistrate Judge did not abuse discretion when she excluded Ms. Wolf's supplemental report.  Exclusion is an appropriate remedy for failing to fulfill the disclosure requirements even though the litigant never violated an explicit court order to produce the supplemental report and even absent a showing in the record of bad faith or willfulness.  *Yeti by Molly*, 259 F.3d at 1106.  Plaintiff's objections to the Magistrate Judge's order are **OVERRULED**.

**IT IS SO ORDERED.**

DATED:  August 14, 2008

M. James Lorenz
United States District Court Judge

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL